UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HENRY ONOFRE ARCOS TASIGCHANA,

Petitioner,

v.

LUIS SOTO, *et al.*,

Respondents.

Civil Action No. 25-18252 (ZNQ)

OPINION

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner's habeas petition challenging his ongoing immigration detention. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 4), to which Petitioner has replied. (ECF Nos. 5-6.) For the following reasons, Petitioner's habeas petition shall be denied.

I.  **BACKGROUND**

Petitioner is a native and citizen of Ecuador who crossed the border into the United States without admission or inspection on May 19, 2024. (ECF No. 1-7 at 1.) Shortly after crossing the border, Petitioner was taken into custody by immigration officials and found inadmissible pursuant to 8 U.S.C. § 1225(b)(1). (ECF No. 1-5 at 1; ECF No. 1 at 14.) Petitioner was then initially issued an order of expedited removal pending the outcome of a credible fear interview. (*Id.*) Following his interview on June 11, 2024, Petitioner was found to have a credible fear of torture if returned to his home country, and he was referred for full removal proceedings. (ECF Nos. 1-6; 1-7.)

Petitioner remained in immigration detention until July 1, 2024. On that date, Petitioner was paroled by the Government pursuant to its discretionary authority under 8 U.S.C. § 1182(d)(5)(A). (ECF No. 1-8.) At that time, Petitioner was informed that his parole was "entirely in the discretion" of the Government, and would terminate upon his departure or removal. (*Id.*) Petitioner's initial parole was for a one-year period subject to extension by the Government in its discretion. (*Id.*) Petitioner remained on parole until December 6, 2025, at which time he was taken back into custody and returned to detention pursuant to § 1225(b)(1). (ECF No. 1 at 15.) Petitioner has remained detained since that time.

II. **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

III. **DISCUSSION**

In this matter, Petitioner challenges his ongoing immigration detention without a bond hearing, which he asserts can only lawfully arise under 8 U.S.C. § 1226(a). The Government instead contends that he is lawfully detained pursuant to 8 U.S.C. § 1225(b)(1). Aliens who attempt to enter the United States illegally and who are detained shortly after making an unlawful crossing of the border are "treated as an applicant for admission' and subject to the terms of § 1225(b)(1). *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020). As the Third

Circuit has explained, "[u]nder 8 U.S.C. § 1225(b)(1) and its companion regulations, two classes of aliens are subject to [detention and] expedited removal [proceedings under § 1225(b)(1)] if an immigration officer determines they are inadmissible due to misrepresentation or lack of immigration papers: (1) aliens 'arriving in the United States,' and (2) aliens 'encountered within 14 days of entry without inspection and within 100 air miles of any U.S. international land border.'" *Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 425 (3d Cir. 2016). Aliens subject to this provision will generally be issued an expedited removal order unless they indicate to immigration officers that they have a credible fear of persecution should they be deported, in which case they are referred for further proceedings regarding that expressed fear. *Id.* Aliens who are taken into custody under § 1225(b)(1) are subject to mandatory detention throughout their removal and credible fear proceedings, though the Government may in its discretion temporarily parole such aliens into the United States "for urgent humanitarian reasons or significant public benefit." *See Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018). Detention under the statute remains mandatory until the conclusion of the alien's removal proceedings, after which an alien would have a final order of removal, and detention under § 1225(b)(1) ends. *Id.* at 300-03.

Section 1226(a) instead provides that an alien subject to removal proceedings "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." When the Government takes an alien into custody under this statute, however, the alien is entitled to seek release on bond through a hearing before an immigration judge at which they bear the burden of showing that they are neither a flight risk nor a danger to the community. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Aliens taken into custody within the United States after having entered and remained in the United States for

several years without detention are therefore generally entitled to a bond hearing under § 1226(a). *See, e.g., Valerio v. Joyce*, Civ. No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025).

Here, the parties dispute whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1).  The record of this matter clearly establishes that Petitioner was apprehended shortly after crossing the border, was determined to be subject to § 1225(b)(1), and was treated accordingly – he was subject to an initial expedited removal determination, provided a credible fear interview, and then referred for removal proceedings once a credible fear was established. Until his release on humanitarian parole on July 1, 2024, Petitioner was clearly detained pursuant to 8 US.C. § 1225(b)(1).  *Castro*, 835 F.3d at 425 (aliens apprehended within fourteen days of entry and within 100 air miles of the border subject to § 1225(b)(1)).

Petitioner contends, however, that he cannot be returned to detention under § 1225(b)(1) detention because he was granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A).  Petitioner, however, is mistaken:

> Even where an alien is granted humanitarian parole prior to a final decision on his removal proceedings, he does not cease being subject to § 1225(b)(1).  As the parole statute makes clear,
>
>> such parole of an alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission.
>
> 8 U.S.C. § 1182(d)(5)(A).  Aliens who are paroled are thus subject to the "entry fiction" in which they are legally considered as if they remained at the border throughout and after their parole until removal or credible fear proceedings conclude.  *See, e.g., Doe v. Rodriguez*, No. 17-1709, 2018 WL 620898, at *6 (D.N.J. Jan. 29, 2018); *see also Pipa-Aquise v. Bondi*, No. 25-1094; 2025 WL 2490657, at * 1-2 (E.D. Va. Aug. 5, 2025).  Federal courts generally

> lack jurisdiction to review the exercise of discretion embodied in the Government's decisions to grant[,] deny[, or revoke] parole. *See Ashish v. Att'y Gen.*, 490 F. App'x 486, 487 (3d Cir. 2013) (citing 8 U.S.C. §§ 1182(d)(5)(A) & 1252(a)(2)(B)(ii)).

*Faqirzada v. Rokosky*, No. 25-16639, 2026 WL 63614, at *2-3 (D.N.J. Jan. 8, 2026).

The humanitarian parole statute under which Petitioner was paroled is thus clear: once the Government determined in its discretion that the parole had served its purpose and was to be terminated, Petitioner was "to return or be returned to the custody from which he was paroled and [be detained] . . . as any other applicant for admission." Accordingly, once the Government chose in its discretion to terminate Petitioner's parole, the parole statute mandates that he return to the form and type of detention from which he was initially paroled – mandatory detention under 8 U.S.C. § 1225(b)(1), which will remain mandatory until Petitioner's removal proceedings conclude. *Faqirzada*, 2026 WL 63614 at *2-3; *see also Jennings*, 583 U.S. 281, 287-303. Petitioner is thus lawfully detained pursuant to 8 U.S.C. § 1225(b)(1), and is required by the statute to remain so detained until his removal proceedings conclude. Petitioner is not entitled to release or a bond hearing, and to the extent he challenges the Government's decision to end his parole and return him to custody, this Court is barred from exercising jurisdiction over that discretionary determination. *Faqirzada*, 2026 WL 63614 at *2-3; *see also Ashish*, 490 F. App'x at 487 (citing 8 U.S.C. §§ 1182(d)(5)(A) & 1252(a)(2)(B)(ii)). As Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1), and this Court has no authority to review the Government's decision to end his parole, Petitioner's habeas petition must be denied.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED.** An order consistent with this Opinion will be entered.


Date: February 2, 2026

                                                                                        s/ Zahid N. Quraishi
                                                                  **ZAHID N. QURAISHI**
                                                                  **UNITED STATES DISTRICT JUDGE**