**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HENRY ONOFRE ARCOS TASIGCHANA,<br>*Petitioner*,<br>v.<br>LUIS SOTO, *et al.*,<br>*Respondents*. | Civil Action No. 3:25-cv-18252 (ZNQ)<br>**MEMORANDUM ORDER** |

**QURAISHI, District Judge.**

**THIS MATTER** comes before the Court on Petitioner's Motion to Alter or Amend the Court's February 2, 2026 Opinion and Order (ECF Nos. 7, 8) ("Motion") denying his Petition for a Writ of Habeas Corpus ("Petition"). (ECF No. 9.) Respondents oppose the Motion. (ECF No. 11.) For the following reasons, the Motion is **DENIED**.

## I. BACKGROUND

As the Court explained in denying Petitioner's first habeas petition:

> Petitioner is a native and citizen of Ecuador who crossed the border into the United States without admission or inspection on May 19, 2024. Shortly after crossing the border, Petitioner was taken into custody by immigration officials and found inadmissible pursuant to 8 U.S.C. § 1225(b)(1). . . . Petitioner remained in immigration detention until July 1, 2024. On that date, Petitioner was paroled by the Government pursuant to its discretionary authority under 8 U.S.C. § 1182(d)(5)(A). At that time, Petitioner was informed that his parole was "entirely in the discretion" of the Government, and would terminate upon his departure or removal. . . . Petitioner remained on parole until December 6, 2025, at which time he was taken back into custody and returned to detention pursuant to § 1225(b)(1). Petitioner has remained detained since that time.

(ECF No. 7 at 1).

Petitioner filed the instant Petition that same day, raising both a statutory claim that any renewed detention must proceed under 8 U.S.C. § 1226(a) rather than § 1225(b)(1), and a claim that his re-arrest without notice or a hearing independently violated the Due Process Clause. (ECF No. 1.) On February 2, 2026, the Court denied the Petition, holding that Petitioner remained subject to mandatory detention under § 1225(b)(1) notwithstanding his intervening parole (*see* ECF No. 7-1 (May 24, 2024 Form I-213); ECF No. 7-2 (December 6, 2025 Form I-213)), and that the Government's discretionary decision to terminate that parole was not subject to judicial review. (ECF No. 8.)

Petitioner moved to alter or amend that judgment on February 25, 2026, arguing that the Court's Opinion overlooked his due process claim. (ECF No. 9.) Respondents oppose, arguing the Motion is untimely under Local Civil Rule 7.1(i) and, in any event, meritless. (ECF No. 11.) While the Motion was pending, Petitioner filed a Second Petition for a Writ of Habeas Corpus, *Arcos Tasigchana v. Soto*, No. 3:26-cv-06013-ZNQ, ECF No. 1 (D.N.J. May 27, 2026), again challenging his continued detention. The Court granted that Petition and ordered a bond hearing before an Immigration Judge at which the Government bore the burden of justifying Petitioner's continued detention. Petitioner received that hearing and was ordered detained.[1]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move to alter or amend a judgment. Such a motion must be filed no later than twenty-eight days after entry of the judgment, and that

[1] On June 16, 2026, the Court granted Petitioner's Second Petition for a Writ of Habeas Corpus, holding that his continued detention under 8 U.S.C. § 1225(b)(1)—by then exceeding six months, following an earlier period of parole—had become so prolonged that Due Process required an individualized bond hearing. (ECF Nos. 9-10.) The Court ordered that hearing to occur within ten days and directed that the Government bear the burden of proving, by clear and convincing evidence, that Petitioner poses a flight risk or a danger to the community. (*Id.*)

deadline may not be extended. Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 6(b)(2). Local Civil Rule 7.1(i)'s shorter, fourteen-day period for reconsideration of an order applies only where a longer deadline is not otherwise provided by rule; Rule 59(e) is such a rule. L. Civ. R. 7.1(i).

## III. DISCUSSION

The Court finds that because the February 2, 2026 Order was a final judgment closing the case, Rule 59(e) governs, and Petitioner's Motion, filed twenty-three days later, is timely.

On the merits, the Court did not overlook Petitioner's due process claim. To the extent that claim rests on the premise that the Government could not lawfully end his parole and return him to custody without advance notice and a hearing, the February 2, 2026 Opinion already addressed it: the Opinion held that the decision to terminate parole under 8 U.S.C. § 1182(d)(5)(A) is committed to the Government's discretion and is not subject to judicial review. (ECF No. 7 at 4-5) ("Petitioner is not entitled to release or a bond hearing, and to the extent he challenges the Government's decision to end his parole and return him to custody, this Court is barred from exercising jurisdiction over that discretionary determination.") (citing *Faqirzada v. Rokosky*, No. 25-16639, 2026 WL 63614, at *2-3 (D.N.J. Jan. 8, 2026))). The Court's jurisdictional holding likewise forecloses Petitioner's attempt to recast his challenge to the discretionary termination of parole as a procedural due process claim. The Third Circuit has expressly held that courts lack jurisdiction to review discretionary parole decisions under 8 U.S.C. §§ 1182(d)(5)(A) and 1252(a)(2)(B)(ii), and that a petitioner cannot assert a due process right to discretionary parole. *Ashish v. Att'y Gen. of the U.S.*, 490 F. App'x 486, 487 (3d Cir. 2013) (citing *Hernandez v. Gonzales*, 437 F.3d 341, 346 (3d Cir. 2006)). District courts in this Circuit have applied *Ashish* to challenges to the termination or revocation of parole, holding that such discretionary termination decisions are likewise beyond judicial review. *See, e.g., Salem v. Tsoukaris*, No. 25-17414 (MAS),

2026 WL 458302, at *2 (D.N.J. Feb. 18, 2026); *Dhib v. Soto*, No. 26-5198 (ZNQ), 2026 WL 1894061 (D.N.J. July 1, 2026); *Akhmedov v. Pittman*, No. 25-13734 (MCA), ECF No. 33 (D.N.J. Sept. 8, 2026).

To the extent Petitioner instead presses a broader, freestanding claim that some process was due before his continued detention could proceed, that claim does not warrant relief on this motion. In *Arcos Tasigchana v. Soto*, No. 3:26-cv-06013-ZNQ, ECF No. 9 (D.N.J. June 16, 2026), the Court granted Petitioner habeas relief and ordered exactly the kind of process he invokes here: an adversarial hearing at which the Government bore the burden of justifying his continued detention. Petitioner received that hearing, and, in a contemporaneous Opinion denying his motion to enforce in that matter, the Court has confirmed that the hearing satisfied the process the Court ordered. Whatever process the Due Process Clause requires before a noncitizen in Petitioner's position is returned to custody, Petitioner has received it. (*See id.*) There is accordingly no clear error or manifest injustice in the Court's February 2, 2026 judgment warranting reconsideration on this motion.

## IV. CONCLUSION AND ORDER

For the reasons expressed above,

**IT IS** on this 30th day of September 2026,

**ORDERED** that Petitioner's Motion (ECF No. 9) is **DENIED**. The Court's February 2, 2026 Order remains undisturbed, and the case remains **CLOSED**; and it is further

**ORDERED** that the Clerk of Court is directed to mark this matter as **RELATED** to *Arcos Tasigchana v. Soto*, No. 3:26-cv-06013-ZNQ, ECF No. 1 (D.N.J. May 27, 2026).

**SO ORDERED.**

s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**